## Appeal of A. BLUTHENTHAL. Docket No. 329.

An individual taxpayer, making returns on a cash receipts and disbursements basis, can not be charged with additional salary income from a corporation by which he was employed during the year 1920 on account of supplemental entries made in that corporation's books in the year 1924.

Submitted November 20, 1924; decided December 11, 1924.

*C. B. McAtee, Esq.*, for the taxpayer.

*W. Frank Gibbs, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, and TRUSSELL.

At the hearing of this case the taxpayer, A. Bluthenthal, was sworn and testified on his own behalf and there was introduced in evidence a copy of a field revenue agent's report of an examination of the accounts of the Roxbury Distributing Co., a corporation, to which were attached a number of communications passing between the said corporation and the Commissioner, from all of which the Board deduces the following

### FINDINGS OF FACT.

During the year 1920 the taxpayer was a resident of the city of Baltimore, Md., and was president of the Roxbury Distributing Co., a corporation.

The taxpayer keeps his personal accounts and makes report of income upon a cash receipts and disbursements basis, and for the year 1920 reported salary income received from the Roxbury Distributing Co. in the sum of $10,000.

Entries made on the books of the Roxbury Distributing Co. in December, 1920, relating to the salary of this taxpayer, are as follows:

| | | |
|---|---|---|
| Salary act. | | 10,500.00 |
| A. Bluthenthal 12 m. | 10,000.00 | |
| Mrs. A. Bluthenthal | 500.00 | |

There is a record as of April 24, 1918, in the Minute Book of the corporation in the following words:

Resolved that the salary of the president is hereby increased to $1,000.00 per month accounting from January 1, 1918.

The Commissioner, in making his final audit of the tax liability of the Roxbury Distributing Co. for the years 1918, 1919, and 1920, permitted the corporation to charge its account for salary expense and to deduct from gross income salary accruing to A. Bluthenthal in accordance with the resolution above quoted. In order to give effect to that resolution the corporation, apparently with the approval of the Commissioner, made supplemental entries upon its books under date of February 12, 1924, as follows:

| | | |
|---|---|---|
| Surplus 1918 debited | 2,000.00 | |
| To A. Bluthenthal | | |
| undrawn Salary | | 2,000.00 |
| Surplus 1919 debited | 12,000.00 | |
| To A. Bluthenthal | | |
| undrawn Salary | | 12,000.00 |
| Surplus 1920 debited | 2,000.00 | |
| To A. Bluethenthal | | |
| undrawn Salary | | 2,000.00 |

The above entries are made to reflect on the books of the company liability as of December, 1918, 1919, 1920, and to accord with the ruling of the Committee on Appeals and Review dated February 12, 1924.

The Commissioner thereupon reexamined the income tax return of this taxpayer for the year 1920 and added $2,000 to his salary income, and upon that basis computed a deficiency in tax in the sum of $272.65 from which the taxpayer brings this appeal.

### DECISION.

The deficiency in tax determined by the Commissioner is disallowed.

### OPINION.

TRUSSELL: The one question involved in this appeal is: What was this taxpayer's salary income from the Roxbury Distributing Co. for the year 1920 which he must report in his individual income tax return and upon which he must pay a tax under the Revenue Act of 1918?

The corporation of which this taxpayer was president, on April 24, 1918, spread upon its record a resolution authorizing a payment to this taxpayer of a salary of $1,000 per month, the same to be effective from and after January 1, 1918, and there is nothing in the record to show that this corporate action had at any time prior to the close of the year 1920 been rescinded or modified. It does appear, however, that the corporation did not, during the years 1918, 1919, and 1920, follow the directions of this resolution; that during the year 1918 only $10,000 was charged on the company's books as salary for this taxpayer; that during the year 1919 no charge was entered on the company's books as salary for this taxpayer; and that during the year 1920 only $10,000 was accrued and entered on the company's books as salary for this taxpayer. The books of said company were on or about the close of each of said calendar years properly closed and the accounts for those years settled with the salary entries as last above stated. The corporation's books remained in that condition without modification or change until on or about February 12, 1924, when the supplemental entries hereinabove quoted were made.

This taxpayer's individual income tax return for 1920 was due to be made, and, so far as we are advised, was made, on or before March 15, 1921, and appears to have been made in exact accord with the books of the corporation of which he was president, as the same stood at that time, and, also, this taxpayer in reporting $10,000 as his salary income for the year 1920 reported the full amount which he actually received, and having done so his income tax return, so far as it related to salary income from the corporation of which he was the president, was complete and disclosed his true gross income from that source.

This taxpayer is reporting his income upon the basis of cash receipts and disbursements, the corporation upon the accrual basis. Such being the case, it is the simple fact that this taxpayer did not receive the income in 1920 sought to be attributed to him by the Commissioner.